IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIP PLACE                                           :
                Petitioner
     v.                                                        :        CIVIL ACTION NO. L-10-781

DEPARTMENT OF HOMELAND               :
 SECURITY
                Respondent                          :

## MEMORANDUM

On March 26, 2010, the Court received for filing a letter from Maryland Division of Correction inmate Phillip Place ("Place"), who complains that the Department of Homeland Security ("DHS"), Bureau of Immigration and Customs Enforcement ("ICE") issued a detainer on him. Place claims that the detainer "as to do with immigration and deportation from the United States," but asserts that while he was born out of the United States in Frankfurt, Germany, he was born on American soil in a U.S. Army hospital. He states that his father was stationed where he was born and his mother was a "naturalized citizen of the United States as well." Place asserts that he and his father have unsuccessfully attempted to straighten out the matter by contacting ICE and the Office of the Federal Public Defender. He asks this Court for assistance in resolving the problem.

The letter, representing a challenge to the ICE detainer, was re-characterized as a 28 U.S.C. § 2241 Petition for habeas corpus. Presumably, ICE lodged an immigration detainer with the Maryland Department of Public Safety and Correctional Services to begin an investigation "to determine whether [Place] is subject to removal from the United States."[1] Place has no due process

---

[1] The Court can only speculate that the DHS issued the detainer pursuant to 8 C.F.R. § 287.7(a).

right to immediate determination of the removal issue by immigration officials.  His confinement until the completion of his state incarceration does not violate the Constitution or laws of the United States, and Place has no private right of action to compel immediate review of his alienage status prior to the completion of his term of incarceration.[2]  See Escobar v. U.S. Dept. of Justice, 2005 WL 1060635 (E.D. Pa. May 5, 2005) (no cause of action to compel resolution of INS detainer).

Finally, with regard to Place's veiled claim that he attained U.S. citizenship through his parents, he is free to file an application for certificate of citizenship.  If such an application is denied, he may file an appeal with the DHS Administrative Appeals Unit ("AAU").  See 8 C.F.R. §§ 103.1(f)(3)(iii)(P), Immigration and Nationality Act § 341.6.

To the extent that Place seeks declaratory relief from the Court, claiming he has established that he attained derivative citizenship through his parents, the Court is without jurisdiction to provide relief  under either 28 U.S.C. §§  2241 or 2201.   Generally, a person may pursue a citizenship claim in two ways: first, a person can affirmatively seek proof of citizenship by filing an application with the Bureau of United States Citizenship and Immigration Services ("CIS"), which, if denied, can be appealed to the still-existing AAU, and if the AAU affirms, the person can seek a

---

In pertinent part, § 287.7(a) provides,

> A detainer serves to advise another law enforcement agency that the Service seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Service, prior to release of the alien, in order for the Service to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

[2]   There is no existing private right of action for immediate removal.  See, e.g., United States v. Marin-Castaneda, 134 F.3d 551, 556 (3d Cir. 1998);  Thye v. United States, 109 F.3d 127, 128-29 (2d Cir. 1997); Koos v. Holm, 204 F.Supp.2d 1099, 1108-09 (W.D. Tenn. 2002).

judicial declaration of citizenship. Second, if the person is in removal proceedings he can claim citizenship as a defense, and if the immigration judge rejects the defense and orders removal, the person can, after properly exhausting administrative channels, petition the Court of Appeals for review of the final order of removal, including for review of the citizenship claim. See Immigration and Nationality Act, §§ 242(b), 341(a), 360(a), 8 U.S.C. §§ 1252(b), 1452(a), 1503(a); 8 C.F.R. § 341.68; 8 C.F.R. § 103.3(a).

It is well-established under the case law that district courts do not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies. Title 8 U.S.C. § 1503(a) expressly requires "a final administrative denial" before any such action may be instituted. A federal district court does not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies. See U.S. v. Breyer, 41 F.3d 884, 891-92 (3rd Cir. 1994); Henriquez v. Ashcroft, 269 F.Supp 2d 106,108 (E.D. N.Y. 2003). It does not appear that Place has exhausted his administrative remedies and this Court is without jurisdiction to determine his citizenship.

For the aforementioned reasons, the court-construed Petition for habeas corpus relief shall be dismissed for lack of subject-matter jurisdiction. A separate Order follows.[3]

April 6, 2010                                              /s/
                                                           _____
                                                           Benson Everett Legg
                                                           United States District Judge

---

[3] Place is not without judicial recourse. As previously noted he may raise the issue of citizenship as a defense before the Immigration Court and, if unsuccessful, seek appeal to the Board of Immigration Appeals and the circuit court.